NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LOVETH JAPHET, <br><br> Plaintiff, <br> v. <br><br> THE FRANCIS E. PARKER MEMORIAL HOME, INC. and DAWN KELLERMAN, <br><br> Defendants. | Civil Action No. 14-01206 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter is before the Court upon the motion to dismiss the Complaint, filed by Defendant Dawn Kellerman ("Kellerman") pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry 7.] Plaintiff Loveth Japhet ("Plaintiff") has opposed the motion. [Docket Entry 8.] The Court has considered the parties' submissions, and will rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the foregoing reasons, the Court will grant the motion and dismiss the Complaint against Kellerman without prejudice.

**I.    Background**

This is a wrongful termination action that asserts claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654, as well as New Jersey's Workers' Compensation Law, N.J. Stat. Ann. §§ 34:15-1 to -142, and Law Against Discrimination ("LAD"), N.J. Stat. Ann. §§ 10:5-1 to -49.[1]  The terse Complaint alleges that Plaintiff was employed by Defendant the

---

[1] The Complaint, originally filed in the Superior Court of New Jersey, was removed to this Court on February 25, 2014. [Docket Entry 1.] Subject matter jurisdiction over the FMLA claim is proper pursuant to 28 U.S.C. § 1331, and Plaintiff's state law claims are before the Court under 28 U.S.C. § 1367(a).

Francis E. Parker Memorial Home ("Parker Home") as a nursing assistant, and was fired by the "Defendants" for "for seeking Workers' Compensation Benefits." (Compl. at 2.) The Complaint does not contain factual allegations describing any conduct specifically undertaken by Kellerman, and indeed, besides alleging that Kellerman occupies a "supervisory and/or management position[]," does not describe who Kellerman is. (See id.) Only in the brief filed in opposition to the motion does Plaintiff indicate for the first time that Kellerman is the Human Resource manager who actually did the firing. (See Opp. Br. at 4.) Of course, a complaint may not be amended in briefs filed in opposition to a motion for failure to state a claim. See Frederico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007).

## II.   Discussion

### A.   Legal Standard

Where a defendant moves post-Answer to dismiss a complaint pursuant to Rule 12(b)(6), a court must treat the motion as one for judgment on the pleadings filed pursuant to Rule 12(c). Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991) ("because [defendant] filed its motion after it had already filed an answer, the motion must be considered a Rule 12(c) motion. Nevertheless, Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings."). In this case, however, the distinction is one without a difference, as "[a] motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010).

Those standards are well-established. A complaint will survive a motion to dismiss for

failure to state a claim only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Following Iqbal and Twombly, the Third Circuit has held that to prevent dismissal of a claim the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). In other words, the facts alleged "must be enough to raise a right to relief above the speculative level . . . .'" Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555). While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

**B.     Analysis**

Kellerman's motion covers more ground than it needs to. The motion describes in some detail the factual allegations necessary to state claims for relief against individual defendants such as Kellerman under the causes of action alleged; the motion then explains how the Complaint fails in that task. (See Mov. Br. at 4-6.) Were such detailed analysis necessary here, the Court is confident Kellerman's treatment would be correct. Kellerman's arguments, however, presuppose that some facts vis a vis Kellerman exist at all. But as currently constructed, it is impossible for this Court to read the Complaint and have any idea what

3

Kellerman did to get named in this lawsuit, let alone what she did that would make her plausibly "liable for the misconduct alleged." Iqbal, 556 U.S. at 678. *A fortiori*, then, the Complaint is woefully deficient as to the factual allegations necessary to satisfy the various elements of the claims alleged against her. See, e.g., Haybarger v. Lawrence Cty. Adult Probation and Parole, 667 F.3d 408, 417 (3d Cir. 2012) (holding that individual FMLA liability requires a showing by plaintiff that the individual "exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest" (internal quotation and marks omitted)).

In light of these readily apparent deficiencies, Plaintiff's acerbic opposition brief is surprising. Plaintiff argues, at various points, that Kellerman's motion is "preposterous[]," "absurd," and "meritless." (See Opp. Br. at 1, 8, 13.) In other words, it is Plaintiff's position that the Complaint is so bulletproof that Kellerman is foolish to challenge it. This rhetoric is difficult to square with the face of the Complaint, which is, as Kellerman correctly highlights, devoid of facts; Plaintiff seems to confuse her bald legal conclusions and threadbare allegations against "Defendants" generally with factual allegations of misconduct sufficient to plausibly give rise to Kellerman's liability specifically. (See Opp. Br. at 1 ("Plaintiff alleges that all Defendants engaged in the actionable conduct, and Defendant Kellerman is a Defendant.").) Without belaboring the point, group pleading of the kind practiced in the instant Complaint undermines the notice pleading regime of Rule 8 and is a technique best relegated to a bygone era, if in fact it was ever acceptable then. See Twombly, 550 U.S. at 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))).  Alleging that "Defendants" undertook certain illegal acts – without more – injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when.  Such speculation is anathema to contemporary pleading standards.  See id.

The Complaint against Kellerman must therefore be dismissed.  The dismissal will be without prejudice, and Plaintiff shall have leave to file an Amended Complaint within thirty (30) days.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("if a complaint is vulnerable to a 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile").

### III. Conclusion

For the foregoing reasons, the Court will grant Defendant Dawn Kellerman's motion for judgment on the pleadings.  [Docket Entry 7.]  The Complaint will be dismissed without prejudice.  An appropriate Order will be filed herewith.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: July 31st, 2014